91 F.3d 154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos Alberto REYES-CASTRO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70523.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Alberto Reyes-Castro, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision adopting and affirming an Immigration Judge's ("IJ") order that denied his applications for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny this petition for review.
 
 
 3
 Reyes-Castro contends that the BIA improperly adopted the IJ's opinion to find him statutorily ineligible for relief. This contention lacks merit.
 
 
 4
 The BIA may adopt an IJ's opinion to deny an applicant relief when the BIA clearly states that it is doing so, and the record indicates that the BIA "gave individualized consideration to [an applicant's] case." Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). Here, the BIA expressly stated that it had reviewed the entire record and Reyes-Castro's appellate brief before it adopted the IJ's opinion. The BIA also stated that the IJ correctly held that the changed political circumstances in Nicaragua had negated Reyes-Castro's ability to demonstrate that he was eligible for relief. Because the record demonstrates that the BIA afforded an individualized assessment of Reyes-Castro's case, we reject his contention that the BIA improperly adopted the IJ's decision to deny him relief. See id.
 
 
 5
 Reyes-Castro also contends that the BIA's decision finding him statutorily ineligible for relief is not supported by substantial evidence. This contention also lacks merit.
 
 
 6
 Asylum applicants claiming a well-founded fear of future persecution must demonstrate that their fear is genuine and reasonable. See Ramos-Vasquez v. INS, 57 F.3d 857, 862 (9th Cir.1995). We review for substantial evidence the BIA's factual findings underlying its decision concerning an applicant's eligibility for asylum and withholding of deportation. See id. at 861. When the BIA adopts the IJ's decision, we treat the IJ's statement of reasons as the BIA's, and review the IJ's decision. See Alaelua, 45 F.3d at 1382.
 
 
 7
 Here, Reyes-Castro testified on November 15, 1994, that he feared persecution by the Sandinistas because he deserted the Sandinista army in February, 1988. Reyes-Castro testified that his fear was reasonable because the Sandinistas previously jailed him for two months and assaulted him after he deserted the army on another occasion in June, 1987. The IJ found that the change of government in Nicaragua and general amnesty issued to military deserters by the new government vitiated any arguable fear that Reyes-Castro had of future persecution by the Sandinistas. Although Reyes-Castro argued before the IJ that he still feared persecution by the Sandinistas for deserting the army in 1988, Reyes-Castro failed to produce specific and direct evidence to demonstrate that his fear was well-founded in light of the changed political circumstances in Nicaragua. See Ramos-Vasquez, 57 F.3d at 862; see also Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993) (holding that the BIA may take administrative notice of changed country conditions to find an applicant ineligible for asylum and withholding of deportation when the applicant has an opportunity to rebut the noticed facts). Thus, we conclude that substantial evidence in the record supports the BIA's decision finding Reyes-Castro statutorily ineligible for relief. See Diaz-Escobar v. INS, 782 F.2d 1488, 1493 (9th Cir.1986) (stating that substantial evidence exists to support the BIA's denial of relief when an applicant fails to meet his or her burden of proof).
 
 
 8
 Because Reyes-Castro failed to meet the lower standard required to obtain asylum, we affirm the BIA's decision denying his application for withholding of deportation. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995).
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3